UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY R. HARPER, | No. 2:15-cv-2606 KJN P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee, currently housed at the Sacramento County Jail, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

////

1  F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal
2  participation is insufficient).

3      In the instant complaint, plaintiff names Medea A. Lewis, the U.C. Davis Medical Center,
4  and the Sacramento County Sheriff's Department as defendants.  Plaintiff claims he was injured
5  on December 24, 2014, in an automobile accident allegedly caused by defendant "Medea A.L.
6  Lewis-Harper."  (ECF No. 1 at 3.)  Plaintiff alleges he was taken to U.C. Davis Medical Center
7  where he was held for four days pending surgery, which he alleges did not take place.  Plaintiff
8  was then released into the custody of the Sacramento County Sheriff's Department.  Plaintiff was
9  again informed that surgery was needed, and then told it was not needed.  He claims that the
10  broken arm healed improperly, and was told by an unidentified doctor that plaintiff's
11  arm/shoulder would have limited mobility for life.

12      Plaintiff's complaint suffers from a number of deficiencies.  First, plaintiff cannot state a
13  federal claim for relief against defendant Medea Lewis for her alleged negligent driving because
14  she was not acting under color of state law.  Plaintiff's negligence claims against Lewis are
15  unrelated to his claims concerning medical care for his arm.  If plaintiff is attempting to file a
16  personal injury action for damages sustained in an auto accident, he should file a complaint in
17  state court.  Plaintiff should not include Medea Lewis in any subsequent amended complaint.

18      Second, based on plaintiff's allegations, the U.C. Davis Medical Center and the
19  Sacramento County Sheriff's Department do not appear to be proper defendants in this action.  In
20  determining who to name as defendants in this action, plaintiff should consider who he believes
21  has denied him adequate medical care for his broken arm.  If plaintiff is aware of an individual
22  who refused to provide him with medical care, he should consider naming such individual as the
23  defendant.  In order to state a valid claim under § 1983, plaintiff must allege that he suffered a
24  specific injury as a result of specific conduct of a defendant and show an affirmative link between
25  the injury and the conduct of that defendant.  Rizzo, 423 U.S. at 371-72, 377.

26      Third, turning now to the substantive claims, plaintiff fails to allege any facts
27  demonstrating that an individual was aware of plaintiff's need for surgery yet failed to provide it.
28  Rather, plaintiff states he was first informed that surgery was needed, then told it was not needed.

1  If a particular individual was negligent in making such medical decision, such negligence fails to
2  rise to the level of a civil rights violation.  Even gross negligence is insufficient to establish
3  deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334
4  (9th Cir. 1990).  Plaintiff is advised that to maintain a Fourteenth Amendment claim based on
5  inadequate medical care, he must allege facts showing that each defendant acted with deliberate
6  indifference to plaintiff's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976);
7  Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth
8  Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel
9  and unusual punishment, applies to pretrial detainees, we apply the same standards in both
10 cases.") (internal citations omitted).  In the Ninth Circuit, a deliberate indifference claim has two
11 components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

19 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).
20       Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth
21 Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the
22 indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or
23 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d
24 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  A difference of opinion between
25 medical professionals concerning the appropriate course of treatment generally does not amount
26 to deliberate indifference to serious medical needs.  Toguchi v. Soon Hwang Chung, 391 F.3d
27 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In addition, mere
28 differences of opinion between a prisoner and prison medical staff as to the proper course of

treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

For all of the above reasons, the court has determined that the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the FAC must be dismissed. The court will, however, grant leave to file an amended complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes prior versions of the complaint. See

1  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the

2  prior complaint no longer serves any function in the case.  Therefore, in an amended complaint,

3  as in an original complaint, each claim and the involvement of each defendant must be

4  sufficiently alleged.

5        In accordance with the above, IT IS HEREBY ORDERED that:

6        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

8  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10  Sacramento County Sheriff filed concurrently herewith.

11        3.  Plaintiff's complaint is dismissed.

12        4.  Within thirty days from the date of this order, plaintiff shall complete the attached

13  Notice of Amendment and submit the following documents to the court:

14          a.  The completed Notice of Amendment; and

15          b.  An original and one copy of the amended complaint.

16  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

17  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

18  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

19  Failure to file an amended complaint in accordance with this order may result in the dismissal of

20  this action.

21        5.  The Clerk of the Court is directed to send plaintiff the forms necessary to file a

22  prisoner civil rights complaint.

23  Dated:  January 6, 2016

24

25        KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

26

27  harp2606.14

28

7

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY R. HARPER, | No. 2:15-cv-2606 KJN P |
| Plaintiff, | |
| v. | <u>NOTICE OF AMENDMENT</u> |
| SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint

DATED:

_____
Plaintiff

8