UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY R. HARPER,<br><br>   Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY SHERIFF'S OFFICE, et al.,<br><br>   Defendants. | No.  2:15-cv-2606 KJN P<br><br>ORDER |

Plaintiff is a pretrial detainee, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff was directed to file an amended complaint; when he failed to file an amended complaint, the undersigned recommended that this action be dismissed. Subsequently, plaintiff filed an amended complaint. Good cause appearing, the findings and recommendations are vacated, and the court will screen plaintiff's amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Here, plaintiff alleges he was injured on December 24, 2014, in an automobile accident, and that Sacramento Sheriff deputies and a firefighter "believed [plaintiff] was faking injuries and treated [him] accordingly." (ECF No. at 3.) Plaintiff was taken to the U.C. Davis Medical Center where he was placed in a room where he was in pain for five hours. Once he was x-rayed,

it was determined that plaintiff had a broken shoulder, and he was admitted for four days pending surgery. However, plaintiff was released without surgery. Plaintiff claims he can provide documentation showing the denial of medical and pain treatment. Plaintiff names the Sacramento County Sheriff's Department and the Correctional Health Services who denied him surgery, pain medication and treatment, as well as U.C. Davis Medical Center as defendants. Plaintiff alleges his shoulder healed improperly, and that he continues to suffer pain.

It remains unclear whether plaintiff can amend his pleading to state a cognizable civil rights claim. His amended complaint raises the same claims raised in his original complaint, although he did omit the driver of the other car. Plaintiff again fails to identify a specific officer or medical professional who allegedly was deliberately indifferent to his serious medical needs. Plaintiff's allegations concerning his treatment by firefighters and deputies at the scene of the accident do not rise to the level of deliberate indifference because plaintiff was taken to the emergency room. Plaintiff's allegations concerning the five hour delay in treatment at the emergency room also fail to rise to the level of a deliberate indifference claim. It is not unusual for care to be delayed in an emergency room; medical staff typically triage medical care based on the urgent needs of the patients. Ultimately, plaintiff was hospitalized.

In addition, plaintiff has again failed to identify individuals responsible for his medical treatment. Plaintiff claims he was hospitalized for surgery on his shoulder, but was then released four days later without having the surgery. Plaintiff claims that the sheriff's office also denied him surgery and pain treatment, but he fails to include any factual allegations concerning medical care by the sheriff's office, or showing that any individual officer was aware of his need for surgery. Plaintiff fails to identify any of the treating medical professionals or to allege facts demonstrating that an individual was aware of plaintiff's need for surgery yet failed to provide it.[1]

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

---

[1] Plaintiff claims he has documentation showing the denial of medical care and pain medication. It may be that such documentation would include the names of responsible individuals.

> Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

      Plaintiff is advised that to maintain a Fourteenth Amendment claim based on inadequate medical care, he must allege facts showing that each defendant acted with deliberate indifference to plaintiff's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976); Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.") (internal

citations omitted). In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

Moreover, if a particular individual was negligent in making such medical decision, such negligence fails to rise to the level of a civil rights violation. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Finally, delays in providing medical care may manifest deliberate indifference. See Estelle, 429 U.S. at 104-05. However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful.

1    See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198,
2    200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
3    1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would
4    provide additional support for the inmate's claim that the defendant was deliberately indifferent to
5    his needs."  Jett, 439 F.3d at 1096.

6         Absent facts not present here, plaintiff fails to state facts demonstrating deliberate
7    indifference.

8         The court finds the allegations in plaintiff's amended complaint so vague and conclusory
9    that it is unable to determine whether the current action is frivolous or fails to state a claim for
10   relief.  The court has determined that the amended complaint does not contain a short and plain
11   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
12   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
13   succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
14   allege with at least some degree of particularity overt acts which defendants engaged in that
15   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
16   R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court, however, grants leave to
17   file a second amended complaint.

18        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
19   the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
20   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended
21   complaint must allege in specific terms how each named defendant is involved.  There can be no
22   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
23   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
24   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
25   1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
26   violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

27        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
28   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 6) are vacated;

2. Plaintiff's amended complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: January 4, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/harp2606.14am